IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

RECEIVED
USDC CLERK, CHARLESTON, SC

2013 JUL 26  A 8: 56

| | | |
|---|---|---|
| United States of America | ) | 4:02-cr-00579-CWH-1 |
| | ) | 4:06-cv-0606-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| Antonio Germaine Johnson | ) | |

### I. Background

On May 29, 2002, a federal grand jury charged Antonio Germaine Johnson (the "defendant") in a single count indictment with conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 24, 2002, the defendant pleaded guilty. On May 15, 2003, the Court sentenced the defendant in abstentia to 360 months in prison followed by 5 years of supervised release. On May 20, 2003, judgment was entered. The defendant did not appeal.

### II. The Pending Motion

On June 3, 2013, the defendant filed a pro se motion to obtain grand jury minutes pursuant to Federal Rule of Criminal Procedure 26.2 and the Jencks Act, 18 U.S.C. § 3500. (ECF No. 217). The defendant's motion seeks to obtain "grand jury minutes, to prove his innocence under newly discovered evidence." (ECF No. 217, at 8). The defendant claims "[t]here is a 'particularized need' . . . because the government conduct may warrant a dismissal



of the indictment if the conduct, in the [grand jury hearing] is so excessive, flagrant, scandalous, intolerable, and offensive as to [violate the defendant's] Due Process." (ECF No. 217, at 5).

The secrecy and disclosure of grand jury proceedings is governed by Rule 6(e) of the Federal Rules of Criminal Procedure and requires that matters occurring before the grand jury must not be disclosed. Fed. R. Crim. P. 6(e)(2)(B). Rule 6(e)(3) permits exceptions to this rule in which grand jury matters may be disclosed, including when authorized by the court "preliminarily to or in connection with a judicial proceeding." Fed R. Crim. P. 6(e)(3)(E)(i). However, "courts have been reluctant to lift unnecessarily the veil of secrecy from the grand jury." Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979).

"'Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" United States v. Anderson, No. 2:94cr163, 1997 WL 138970, at *2 (E.D. Va. Mar. 14, 1997) (alteration omitted) (quoting Douglas Oil Co., 441 U.S. at 222). The disclosure of grand jury transcripts "is appropriate only in those cases where the [defendant's] need for it outweighs the public interest in secrecy, and . . . the burden of demonstrating this balance rests upon the private party seeking disclosure." Douglas Oil Co., 441 U.S. at 223.

Thus, courts should not reveal the secrecy of grand jury proceedings unless there is a "'strong showing of particularized need.'" Anderson, 1997 WL 138970, at *2 (quoting United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983)); see also Dennis v. United States, 384 U.S. 855, 870 (1966). Typically, a strong showing of particularized need is demonstrated when a



defendant seeks to use "'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.'" Id. (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958)). Simply reciting the same concerns that arise in every criminal case does not meet the requirement for a "'strong showing of particularized need.'" United States v. Graham, 468 F. Supp. 2d 800, 805 (E.D.N.C. 2006) (quoting Sells Eng'g, Inc., 463 U.S. at 443). Nor do "across the board fishing expeditions" constitute a "particularized need." Anderson, 1997 WL 138970, at *2 (alteration, internal quotation marks, and citation omitted).

The defendant claims the "government's charging instrument are [sic] factually and facially defective, and [the] government knowingly and intentionally[] misled and deceived" the grand jury. (ECF No. 217, at 7). The defendant supports this claim by asserting that the government presented perjured testimony to the grand jury that the defendant was considered the leader of a drug organization; the witness later recanted her testimony. (ECF No. 217, at 4, 7).

The defendant is accurate in that Procter & Gamble provides guidance on what constitutes a "particularized need." However, the defendant fails to demonstrate a "particularized need" that outweighs the public interest in secrecy. He does not request the grand jury transcripts to either "impeach a witness, to refresh his recollection, [or] to test his credibility and the like." Procter & Gamble, 356 U.S. at 683. Rather, the defendant seeks to use the grand jury testimony to prove his "actual innocence . . . under newly discovered evidence." (ECF No. 217, at 2). Moreover, there is no current judicial proceeding concerning the defendant's criminal case, nor is there a pending § 2255 motion. Therefore, the defendant is not entitled to receive transcripts of the grand jury minutes.



Lastly, the defendant's prayer for relief seeks an order from this Court dismissing the indictment and releasing him from federal custody. There are no grounds that warrant dismissal of the indictment at this time. As to the defendant's request for immediate release, this request is denied.

## III. Conclusion

For the reasons stated above, the defendant's motion (ECF No. 217) is denied.

**AND IT IS SO ORDERED.**

_C. Aston Houck_
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

July 25, 2013
Charleston, South Carolina

