IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | 4:02-cr-0579-CWH-1 |
| vs. | **ORDER** |
| Antonio Germaine Johnson | |

On May 29, 2002, a federal grand jury charged Antonio Germaine Johnson (the "defendant") in a single count indictment with conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. On September 24, 2002, the defendant pleaded guilty. Thereafter, he fled the country. On May 15, 2003, the Court sentenced the defendant in absentia to 360 months in prison, to be followed by 5 years of supervised release, and imposed a $100.00 special assessment. On May 20, 2003, judgment was entered. The defendant did not appeal his guilty plea or sentence.

In November 2004, the defendant was arrested in Frankfurt, Germany, and on March 24, 2005, he was extradited to the United States, and thereafter began to serve his sentence. After mounting several unsuccessful attacks against his sentence – including a § 2255 petition, a successive § 2255 petition, a § 2241 petition, a Rule 60(b) motion, and a motion for a writ of audita querela – on June 3, 2013, the defendant filed a pro se motion, pursuant to Federal Rule of Criminal Procedure 26.2 and the Jencks Act, 18 U.S.C. § 3500, to obtain a copy of the grand jury minutes relating to his indictment, allegedly to prove his argument that he had been the victim of prosecutorial misconduct. On July 26, 2013, the Court denied the defendant's motion because he had not shown the requisite particularized need for the minutes. (ECF No. 226). On

August 23, 2013, the defendant timely filed a motion for reconsideration of the Court's order.[1]

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek from a court an alteration or amendment of a previous judgment. Fed. R. Civ. P. 59(e). However, the "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quotation marks and citation omitted). Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three limited grounds for amending an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pac. Ins. Co., 148 F.3d at 403).

The Court has closely reviewed the defendant's motion for reconsideration and finds that it does not meet any of the three grounds articulated in Ingle. Therefore, the Court denies the defendant's motion (ECF No. 238) for reconsideration.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

October 29, 2013
Charleston, South Carolina

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).